SO ORDERED.

SIGNED this 16th day of November, 2021.



_____
Dale L. Somers
United States Chief Bankruptcy Judge
_____

Designated for online use only
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

**In re:**

**Lindy Lee Graham,**

           **Debtor.**

**Case No. 17-21139
Chapter 13**

**Memorandum Opinion and Order Denying Motion to Amend Plan**

Debtor Lindy Lee Graham ("Debtor")[1] moves to amend her confirmed Chapter 13 plan to provide that future payments of attorney fees be directed to her current counsel,[2] rather than to her former counsel, Moore &

---

[1] Debtor appears by Nancy L. Skinner of Skinner Law, LLC.

[2] Doc. 70.

Associates, LLC ("Moore & Associates").³ As the basis for the motion, she alleges that Hilliard L. Moore of Moore & Associates breached his duty to communicate with Debtor prior to closing the firm's law practice. The Court denies the motion, finding the alleged ethical violation insufficient to support disallowance of fees under § 329,⁴ the authority cited by Debtor; that if fees were to be disallowed, § 329 does not provide transfer of fees to substitute counsel as a remedy; and the equitable circumstances support denial of the motion.

## I. Background Facts

This case was filed on June 21, 2017, by Nancy Skinner, of Moore & Associates. Debtor agreed to pay $3,200 in fees, and her confirmed Chapter 13 plan provides for such payment. In 2017, a dischargeability complaint was filed. Ms. Skinner, on behalf of Moore & Associates, represented Debtor. Judgment was entered in favor of Debtor. Ms. Skinner, on behalf of Moore & Associates, filed an application for post confirmation legal fees of $5,000 for representation in the adversary proceeding. The application was granted,

---

³ Moore & Associates, LLC opposes the motion and appears by Hilliard L. Moore and W. Karl Jennings.

⁴ 11 U.S.C. § 329. All references to Title 11 in the text shall be to the section number only.

2

and the payment of additional fees through the plan as a postpetition administrative expense was ordered.

On December 23, 2020, notice was filed of the withdrawal of Ms. Skinner and the entry of appearance of Douglas B. Breyfogle, of Moore & Associates, as counsel for Debtor. Ms. Skinner, who had been an employee of Moore & Associates, terminated her association with the firm on December 31, 2020. Mr. Breyfogle left Moore & Associates on January 14, 2021. According to Debtor, she was not informed of Mr. Breyfogle's departure and Moore & Associates failed to respond to emails and inquiries by Debtor.

On April 13, 2021, Mr. Moore sent emails to Moore & Associates' Chapter 13 clients stating difficulties the firm was having serving its clients because of the Covid epidemic and other issues; that Mr. Breyfogle was no longer with the firm; and that he, Mr. Moore, would take over Mr. Breyfogle's cases, unless the clients wished to transition from Moore & Associates. Mr. Moore did not enter an appearance on behalf of Debtor. On April 21, 2021, Mr. Moore sent a second email to clients stating that the firm was closing. Under the heading "Transition Plan," the email states, "Chris [Coons] and his firm will accept all of Moore & Associates Kansas Chapter 13 clients. As a part of this transition, Moore & Associates has agreed to pay $150 to Coons & Crump to cover the transition costs. There are no additional fees that will be

3

billed in your case."[5] Although Debtor denies receiving these emails, copies of the correspondence are attached to Debtor's brief in support of the motion to amend,[6] and Mr. Moore convincingly argues that they were sent to Debtor.[7]

On April 23, 2021, a notice of withdrawal of Mr. Breyfogle and substitution of Ms. Skinner as counsel for Debtor was filed. On the same date, Debtor filed her motion to amend plan, arguing that Moore & Associates should receive no further fees and the remainder of the fees should be paid to Ms. Skinner.

## II. Analysis

Debtor moves that her Chapter 13 plan be amended to provide that Mr. Moore be denied any additional fees and that her current attorney, Ms. Skinner, be paid the remainder of the fees in the case. She cites § 329(b) in support. Moore & Associates opposes the motion.

Section 329(a) requires attorneys representing a debtor to file with the court a statement of compensation paid or agreed to be paid in connection with the case. Section 329(b) provides,"if such compensation exceeds the reasonable value of any such services, the court may cancel any agreement

---

[5] Doc. 77, p. 7.

[6] Doc. 77.

[7] *See* Doc. 78.

4

[for fees] . . . to the extent excessive" or order the return of the fee to the Chapter 13 estate if the fee was to be paid by the debtor under a Chapter 13 plan.

Debtor argues that no more fees should be paid to Moore & Associates because Mr. Moore has "abrogated his professional duties to his clients."[8] Although it is true that courts have ordered the disgorgement of fees for violation of ethical duties,[9] those cases have arisen under circumstances far different from this case. For example, "several courts have held that a court has discretion under § 329 to order disgorgement of fees when a conflict of interest exists because of its relevancy in determining whether an attorney's fees are unreasonable or excessive."[10] Misuse of trust funds has also been found to be a basis for disgorgement of fees because "[s]uch conduct [is] so contrary to the trust that is at the heart of the attorney-client relationship."[11]

Debtor cites no cases in support of her position that disallowance of fees to Moore & Associates is warranted. The Court finds that the circumstances

---

[8] Doc. 77, p. 3.

[9] 3 *Collier on Bankruptcy*, ¶ 329.04[1][b] (Richard Levin & Henry J. Sommer eds.-in-chief, 16th ed. 2021).

[10] *Winterhalter, P.C. v. Office of the United States Trustee (In re The Harris Agency, LLC)*, 462 B.R. 514, 527 (Bankr. E.D. Pa. 2011).

[11] *In re Damon*, 40 B.R. 367, 380 (Bankr. S.D.N.Y. 1984).

of this case are not comparable to those in which fees were denied or disgorged for ethical violations. Mr. Moore's alleged violation of duty is his failure to communicate during the period of January 21, 2021, when Mr. Breyfogle left Moore & Associates, and April 13, 2021, when Mr. Moore sent an email to the firm's Chapter 13 clients. The docket shows no events in the case during this period, other than the filing of the case trustee's interim report. Although the Court does not condone Mr. Moore's lack of communication, neither does it find the failure sufficient to justify disgorgement of fees.

Debtor's motion is also denied because the remedy sought, amending the plan to provide that some portion of the fees to be paid to Moore & Associates be redirected to her current counsel, is not included in the remedies provided by § 329(b). With respect to Chapter 13 cases, § 329(b) provides, the court may order the return of any an excessive payment "to the estate if the property transferred . . . was to be paid by or on behalf of the debtor under a plan." Here the fees due Moore & Associates are being paid under the plan. If the Court were to find that fees to be paid to Moore & Associates are excessive, the only remedy provided by the Code is return of the funds to the estate.

6

In addition, denial of the motion is consistent with the equities of the case. In his second client email, Mr. Moore informed his clients that he had made arrangements for transfer of representation to other counsel at no cost to his former clients. There is no allegation that any part of the fee to be paid to Moore & Associates under the plan are unearned. The services provided pursuant to the $3,250 flat fee and for the representation in the adversary proceeding were of value to the Debtor. Further, the legal services appear to have been provided by Debtor's current counsel when she was an employee of Moore & Associates.

### III. Conclusion

For the foregoing reasons, Debtor's motion to amend plan is denied. If additional services are required in the case, counsel can file a fee application.

It is so ordered.

###